IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-3047

THE TRAVELERS PERSONAL INSURANCE COMPANY, a Connecticut corporation,

      Petitioner,

v.

CHELSEA ALLEN

      Respondent.

---

**PETITION TO APPOINT APPRAISAL UMPIRE**

---

Travelers Personal Insurance Company ("Travelers" or "Petitioner"), by and through its attorneys, and for its Petition to Appoint an Impartial Umpire, states as follows:

**INTRODUCTION**

1. This matter involves alleged hail damage to residential property owned by Respondent Chelsea Allen ("Respondent") located at 11635 County Road 110, Kiowa, CO 80117 (the "Property"). The alleged hail damage occurred as a result of a storm event on or about July 21, 2019.

**PARTIES, JURISDICTION, AND VENUE**

2. Petitioner, Travelers Personal Insurance Company is an insurance company incorporated in Connecticut with its principal place of business at One Tower Square, Hartford, CT 06183. (**Ex. 1- Colorado Department of Insurance Producer Search Results).**

1

3. At all times relevant, Respondent resided at 11635 County Road 110, Kiowa, CO 80117 (the "Property"). Upon information and belief, the Property is Respondent's personal residence and as such Respondent is domiciled in Colorado.

4. Accordingly, Travelers and Respondent are citizens of different states under 28 U.S.C. § 1332(a)(1).

5. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required to maintain diversity jurisdiction. A contractor acting on behalf of respondent estimated that repairs to the Property totaled approximately $147,843.58[1]. **(Ex. 2- ACP Comprehensive Solutions Estimate)**. Travelers disputes that amount and estimated a covered loss of $64,874.99 in replacement cost value. **(Ex. 3- Travelers' Estimate)**. Therefore, the amount in controversy is the difference between ACP Comprehensive Solutions' estimate and respondent's recent submission for additional repairs and Travelers' estimate. This amount totals $98,213.96 exclusive of interests and costs. As this amount exceeds $75,000, the amount in controversy requirement of 28 U.S.C. § 1332(a) is met. *See Continental Casualty Co. v. Kidney Real Estate Assoc. of Arvada, LLC*, No. 1:18-cv-00551-CMA-KLM, 2018 WL 6268418, at *6-9 (D. Colo. Nov. 30, 2018) ("*Continental I*," holding that the $75,000 amount-in controversy requirement was met for an originally-filed petition to appoint an insurance appraisal umpire where the insured claimed over $162,000 but the insurer only paid about $19,000, leaving a disputed difference of almost $133,000), *recommendation adopted by* 2018 WL 6990392 (D. Colo. Dec. 18, 2018); *See also PWD, Inc. v. Travelers Indemn. Co. of Am.*, 1:17-cv-2561-RMKMT, 2019 WL

---

[1] Respondent recently submitted an additional $15,245.37 for repairs related to COVID-19, which Travelers disputes are covered under the Policy or necessary for repair and replacement of damaged property.

1281413, at *1 (D. Colo. Mar. 20, 2019) (rejecting an argument, made in an already-filed case, that the Court lacks "jurisdiction to appoint an umpire").

6. Venue is proper in this Court under Venue is proper in this Court under 28 U.S.C. § 1391(b) because respondent is a Colorado resident and the Property is located in Colorado.

7. 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 provide this Court with the authority to appoint an insurance appraisal umpire. *See Continental I*, 2018 WL 6268418 at *1 (describing that a petition filed directly in this Court for the appointment of an insurance appraisal umpire sought only declaratory relief under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57), and *Continental Casualty Co. v. Kidney Real Estate Assoc. of Arvada, LLC*, No. 1:18-cv-00551-CMA-KLM, 2019 WL 851120 (D. Colo. Feb. 22, 2019) ("*Continental II*," appointing an umpire under the petition described in *Continental I*), recommendation adopted by 2019 WL 1202877 (D. Colo. Mar. 13, 2019).

## GENERAL ALLEGATIONS

8. On July 21, 2019 and at all times relevant, the Property was insured by Travelers' Policy Number 604161874-633-1(the "Policy") which provided specified property coverage subject to all terms, limitations, conditions and exclusions. The Policy had a stated term of March 25, 2019 to March 25, 2020. A copy of the Travelers' Policy is attached hereto as **Exhibit 4.**

9. On or about August 21, 2019, respondent notified Travelers of alleged hail damage from the July 21, 2019 hail storm (the "Loss"). Travelers promptly investigated the Loss but was unable to come to an agreement with respondent as to the scope of damage and cost of repair or "amount of loss."

10. On or about February 27, 2020, respondents invoked the appraisal provision of the Policy and named James D'Angelo as their appraiser. **(Ex. 5- Appraisal Demand Notification)**

11. Although Travelers disputes that appraisal is appropriate with respect to coverage and causation, on March 23, 2020 Travelers agreed to appraisal under a reservation of rights and named Joseph Del Guidice with Golden Forensics, LLC as its appraiser. **(Ex. 6- Travelers' Response to Appraisal Demand).**

7. The Policy provides as follows with respect to appraisal:

> Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
>
> a. Pay its own appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally….

*See* **Ex. 4, at TPIC000040**

12. To date, the Parties respective appraisers have been unable to agree on the amount of loss and have attempted to choose an umpire. However, more than fifteen (15) days have elapsed and the Parties' appraisers have been unable to agree on an umpire for this appraisal.

13. Accordingly, Petitioners respectfully request that this Court appoint one of the following individuals as appraisal Umpire:

- **Peter Marxhausen, P.E., M.S., Director of Engineering – Unified Building Sciences & Engineering, Inc.. Denver, Colorado.** Mr. Marxhausen has more than fifteen years of experience as a Professional Engineer in the field of engineering forensics related to structural, civil, geotechnical, and building engineering systems. Mr. Marxhausen is also a member of the City and County of Denver Building Department Board of Appeals and has significant umpire experience including several court appointments as umpire for appraisal proceedings including a recent appoint by El Paso County District Court Judge Thomas Kelly Kane. He has testified nearly equally for Plaintiffs and Defendants in deposition, arbitration and at trial. Mr. Marxhausen's CV and a copy of the Order appointing Mr. Marxhausen as Umpire entered by El Paso County District Court Judge Thomas Kelly Kane in the case of *Robert Wilson v. USAA Casualty Insurance Company,* 2019CV31723 are attached hereto as **Exhibit 7.**

- **Peter O'Brien, Solutia Consultants, 4800 Wadsworth Blvd., Suite 400, Wheat Ridge, CO.** Mr. O'Brien is an Expert Large/Complex Loss Consultant with experience in both construction management and the insurance industry. He is a Certified Appraiser and Umpire by the Insurance

Appraisal and Umpire Association and has previously acted as an appraiser, umpire, and even public adjuster. Mr. O'Brien's CV is attached hereto as **Exhibit 8**

- **Dan Cupit,** Mr. Cupit is a civil engineer and professional roof consultant who has over thirty-eight (38) years of experience in the construction industry, during which time he has personally inspected over two thousand roofs and/or exteriors and estimated and managed over 1,200 projects to restore property damage from a variety of perils including hail and wind. He is HAAG certified residential and commercial inspector and National Roofing Contractor Assoc. (NRCA) ProCertified Trainer. Mr. Cupit is also a member of the City of Arvada Review Board and Insurance Appraisal and Umpire Association. He has conducted insurance appraisal work since 2010, during which time he has served as umpire on four (4) insurance appraisal claims, none of which involve either party here. Mr. Cupit's professional qualifications are attached hereto as **Exhibit 9.**

14. These individuals have confirmed they are available and willing to serve as Umpire in this appraisal and have extensive experience pertinent to assessing and estimating the cost of repair and replacement of damaged residential property. Accordingly, Travelers requests that the Court appoint Mr. Marxhausen, Mr. O'Brien, or Mr. Cupit as an umpire in this matter.

15. For the reasons set forth above, Travelers requests that the Court appoint Mr. Marxhausen, Mr. O'Brien, or Mr. Cupit to serve as an umpire in this matter.

Dated the 9th day of October, 2020

                                          FORAN GLENNON PALANDECH
                                        PONZI & RUDLOFF PC

                                        By: s/ *Jonathan T. Koehler*
                                        Amy. M. Samberg
                                        Jonathan T. Koehler
                                        700 17th Street, Suite 1350
                                        Denver, CO 80202
                                        (720) 336-2243
                                        asamberg@fgppr.com
                                        jkoehler@fgppr.com
                                        ***Attorneys for Petitioner***